L. M. GREGORY, ADMINISTRATOR, ETC., V. W. B. LEIGH.

<div style="float:right; border:1px solid;">33 813<br>92 420</div>

1. In the present case the word " summons," and all equivalent terms, were omitted in the citation in error as copied into the transcript, but this court supplies it by intendment, on the presumption that it was contained in the original citation and was omitted from the transcript by mere clerical mistake.

2. A promissory note stipulating that " I, the undersigned, administrator of the estate of A. B., deceased, promise to pay," etc., is the mere individual contract of the maker, and constitutes no claim against the estate referred to. The words " administrator of the estate," etc., are *descriptio personæ*, and only surplusage.

ERROR from Bexar. Tried below before the Hon. T. H. Stribling.

The facts involved in the rulings are shown in the opinion.

*S. G. Newton,* for the plaintiff in error.

*Robards & Jackson,* for the defendant, moved to dismiss the case for defects apparent in the petition, citation and service in error.

WALKER J.—We confess we have to presume a good deal in favor of the right road to justice, in order to take jurisdiction of this case. There is no statement of facts accompanying the record.

The record undoubtedly recites in a very faulty manner the citation in error thus : " You are hereby commanded to W. B. Lee," etc. The remainder of the documeut shows conclusively that it was a precept of the court, known as a citation in error ; it was served as such on the defendant in error, and he is here in this court answering by his council with great ability. The word summons we have no doubt was in the original writ, and we cannot suffer the ends of justice to be defeated because a blundering clerk sends us up a defective record.

It is manifest that the plaintiff in the case below totally misconceived the nature of the obligation he sued upon ; it reads as follows :

"SAN ANTONIO, August 24, 1863.

" $500. On the first day of January, 1864, I, the undersigned, admiuistratrix of the estate of Cordelia M. Denison, deceased, promise to pay to Wm. B. Lee, or bearer, the sum of five hundred dollars, for value received.

"JULIA J. LOVE."

This was the mere individual contract of Julia J. Love. The words "administratrix of the estate of Cordelia M. Denison, deceased," are mere *descriptio personæ* and are only surplusage in the note. The plaintiff below was further mistaken, that by means of his contract with Julia J. Love he had acquired any lien upon the estate of Cordelia M. Denison. Julia J. Love was individually liable to him, and it is quite within the range of probability that, had she paid the money, the probate court would have refused to charge the same to the estate of Cordelia M. Denison. (25 Sup. Tex. R., 176.)

The district court erred in overruling the demurrer to the petition, and for this error the judgment is reversed and the cause remanded.

Reversed and remanded.