No. 2325.

## J. B. HELM v. JAMES A. WEAVER.

1. VENDOR'S LIEN.—A vendor's lien, which exists by operation of law to secure unpaid purchase money for which promissory notes have been executed, is not affected by the substitution of other notes in lieu of those first given.

2. SAME.—Though the vendor's lien is one which equity embraces, and is not, strictly speaking, created by contract, yet our decisions recognize the right of parties to create by contract on the sale of land a lien which will bind the land for unpaid purchase money. Such a lien will be enforced when made by the parties, and its technical misdescription in a note intended to secure it, will not affect it.

3. NEW TRIAL.—It is no ground for new trial that a party represented by attorney was absent on the day of trial, and that if present he could have established by his own evidence facts material to his cause which were not known to his attorney.

4. PRACTICE.—When a judgment appealed from can properly be reformed and rendered, and the appellant could, upon proper notice, have had the judgment corrected in the court below, and thus have rendered an appeal unnecessary, he will be taxed with the costs of appeal in addition to the costs adjudged against him below.

APPEAL from Hopkins. Tried below before the Hon. J. A. B. Putman.

*B. W. Foster,* for appellant.

No brief on file for the appellee.

WILLIE, CHIEF JUSTICE. This is a suit by Weaver against

Helm upon a promissory note, in which a vendor's lien was reserved upon a tract of land to secure its payment. The note is signed J. B. Helm, in liquidation, and recites that it was given in renewal of other notes executed by Lewis & Helm, all of which retained a vendor's lien upon one hundred and sixty-seven acres of land, a full description of which is contained in the petition. It was averred in the petition that the notes in renewal of which the note sued on was given, was made in part payment of the purchase money of the land, and constituted a vendor's lien thereon. It was, however, alleged that Helm, with the consent of Weaver, had sold eighty-two acres of the land to T. J. Johnson, and a foreclosure was sought only upon the remainder of the tract. Helm demurred generally to the petition, and the demurrer was overruled, and this ruling is assigned as error. The proposition made here under this assignment is that the vendor's lien is not a creation of contract, but arises when the relationship of vendor and vendee exists in the sale of land, and there is unpaid purchase money.

The relationship of vendor and vendee did not exist between the plaintiff and the makers of the original notes, and hence no vendor's lien existed by operation of law. That this was not destroyed by the mere substitution of other notes for the purchase money, in lieu of those originally given, is too clear for argument. The proposition of the appellant does not dispute this, but announces a rule of law which may exist in full force without interfering with the appellee's right to recover under the allegations of his petition. It may be true that the vendor's lien can not be created by contract, yet the law does not prohibit parties from creating by contract a lien which shall bind real estate for the payment of the purchase money. Such liens are recognized throughout our reports, and give greater effect than the ordinary vendor's lien, created by equity in cases of sales of land when the purchase money remains wholly or in part unpaid. The lien reserved in the note may not have been a vendor's lien in the technical sense of the word, but a misnomer of it does not prevent the holder of the note from enforcing the lien he did reserve against the land to which it attaches. The demurrer was properly overruled.

The assignment of error to the refusal of the court to set aside the judgment because of the absence of the defendant on the day of the trial, is not well taken. That his attorney was not aware that he could prove facts in reference to payments made

by Helm to Weaver, was the appellant's own fault.    He should
have disclosed all his defenses and the manner of their proof to
his attorney.    Besides, he did not testify upon the motion that
his attorney did not know that the appellant could give evidence
as to their payment.    In his motion he merely states that he
was informed and believed that his attorney was not aware
that he could furnish such testimony, but he does not take the
affidavit of the attorney to this fact, though he certainly knew
it if it existed.    Neither did he have a person, who, he says,
knew of some of the payments, examined as a witness, which
shows that he did not rely much upon his ability to establish
that they had been made.

But the judgment is incorrect in foreclosing a lien upon the
whole one hundred and sixty-seven acres instead of that which
was left after Johnson had purchased his eighty-five acres.
Upon this balance only did the plaintiff ask a foreclosure.    His
allegations show that he was not entitled to subject any more
to the satisfaction of his lien.    Had the defendant called the
attention of the court below to this error in his motion to set
aside the judgment, it would doubtless have been then corrected.
Instead of doing so, his motion was calculated to mislead the
the court upon this point, for his objection was that the judg-
ment did foreclose the lien, only upon the balance still held by
the defendant, and not upon the whole tract, which was ex-
actly what it should have done.

As the appellant upon proper motion could have had the judg-
ment corrected below, and rendered an appeal here unnecessary
for that purpose, he should be taxed with the costs of this court
in addition to those adjudged against him below. The judgment
will be reformed so as to foreclose the lien upon the eighty-two
acres left to Helm after the conveyance to Johnson, and the
costs as stated above will be adjudged against the appellant
and his sureties.

*Reversed and remanded.*

Opinion delivered November 8, 1887.