ABNEY v. CITIZENS' NAT. BANK OF HILLSBORO et al.

(Court of Civil Appeals of Texas. Dallas. Dec. 14, 1912. On Motion for Rehearing, Jan. 11, 1913.)

1. APPEAL AND ERROR (§ 216*)—REVIEW—INSTRUCTIONS—REQUESTS BELOW.

Where a charge is correct as far as it goes, a party objecting to a mere omission therein, if he desires to obtain a review, must prepare and request a charge covering the matters omitted.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. §§ 627, 628, 629, 630–641, 660, 662–676.]

2. APPEAL AND ERROR (§ 742*)—QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR.

Matters not embraced in the propositions propounded under the assignments of error cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

3. TRIAL (§ 250*)—INSTRUCTIONS—APPLICABILITY TO PLEADINGS AND EVIDENCE.

The charge should not submit issues not raised by the pleadings and evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. § 250.*]

4. BILLS AND NOTES (§ 538*)—ACTIONS—EVIDENCE—SUFFICIENCY.

In an action on a promissory note, evidence *held* insufficient to raise the issue whether indorser signed in his individual or representative capacity.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1895–1898, 1900–1910; Dec. Dig. § 538.*]

5. BILLS AND NOTES (§ 273*)—INDORSEMENT IN REPRESENTATIVE CAPACITY — PERSONAL LIABILITY.

As an executor or administrator cannot bind the estate of his decedent by the execution or indorsement of a negotiable paper, where a note is made to a person as an executor or administrator, his indorsement of the note in the same capacity imposes a personal liability upon him; the addition of the word "executor" or "administrator" following his name being merely descriptio personæ.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 651; Dec. Dig. § 273.*]

6. EVIDENCE (§ 459*) — DOCUMENTARY EVIDENCE—PAROL EVIDENCE—RULE.

In the absence of fraud, parol evidence is not admissible to qualify a written indorsement on a promissory note, consequently one indorsing, though following his name by the word executor, which will be disregarded as surplusage, cannot show that he signed in his representative capacity, and not as an individual.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1722, 1906–1910, 2109–2114; Dec. Dig. § 459.*]

7. PRINCIPAL AND AGENT (§ 146*)—UNDISCLOSED AGENCY—LIABILITY OF AGENT.

If an agent signs a promissory note with his own name as such, and discloses no principal, he is personally bound.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 521–527; Dec. Dig. § 146.*]

On Motion for Rehearing.

8. PRINCIPAL AND SURETY (§ 163*)—FORM OF JUDGMENT.

Under Rev. Civ. St. 1911, art. 6337, providing that the remedies given sureties extends to indorsers of bills, and article 6333, providing that, when any person being a surety in any undertaking shall be compelled to pay any judgment by reason of such suretyship, it shall not be discharged by such payment, but shall remain in force for the use of such surety, a judgment against the maker and indorser of a note, which, after decreeing the amount due plaintiff, ordered that the indorser should recover from the maker the amount he might be compelled to pay on the judgment, is not improper as making no reference to the verdict, whereby the sum due the indorser might be ascertained, and entirely omitting the statement of that amount.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 446–454; Dec. Dig. § 163.*]

9. PRINCIPAL AND SURETY (§ 163*)—JUDGMENT—EXECUTION.

In an action against the maker and indorser of a note, a judgment which failed to direct that execution should first be levied upon the property of the maker is improper under Rev. Civ. St. 1911, art. 6332, providing that execution shall first be levied upon the property of the principal.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 446–454; Dec. Dig. § 163.*]

10. APPEAL AND ERROR (§ 1149*)—REVIEW—REVERSIBLE ERROR.

In an action against the maker and indorser of a note, where the verdict improperly found for the indorser over against the maker for the full amount of the note, and the judgment failed to provide that execution should first be levied on the property of the maker, the errors, being those of law, do not necessitate a reversal, but the judgment may be reformed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4483–4496; Dec. Dig. § 1149.*]

11. COSTS (§ 238*)—ON APPEAL—ERRORS OF LAW.

Where judgment against the maker and indorser of a note failed to require execution to be first levied on the property of the maker, costs will not be awarded the indorser on his appeal, though the judgment was reformed, it appearing that the indorser principally relied on other points, for execution would doubtless have been first sent against the property of the maker.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 908–919; Dec. Dig. § 238.*]

Appeal from Hill County Court; Horton B. Porter, Judge.

Action by the Citizens' National Bank of Hillsboro against J. D. Abney and another. From a judgment for plaintiff, the named defendant appeals. Affirmed.

Luther Nickels and J. D. Abney, both of Hillsboro, for appellant. Chas. L. Black, of Hillsboro, for appellees.

TALBOT, J. This suit was brought by the Citizens' National Bank of Hillsboro, Tex., in the county court of Hill county, against W. O. Whitlock as maker and J. D. Abney as indorser of a promissory note described in plaintiff's petition. The plaintiff alleged, and the facts developed, that the note was signed by Whitlock and was payable to the order of "J. D. Abney, executor," and was indorsed as follows: "J. D. Abney, executor." The

defendant Whitlock filed no answer, and judgment by default was taken against him. The defendant, Abney, pleaded a general demurrer, general denial, and specially that said note was not executed to him in his personal or individual capacity, if the same was executed and delivered to him at all, and that it was not sold, transferred, or indorsed by him in his individual capacity, but that throughout the transactions he was acting in his fiduciary capacity as executor of the estate of Mrs. N. T. Abney, and this fact was known to and recognized by plaintiff; that there was no intention on the part of either the plaintiff or of this defendant that this defendant should be bound thereby in his personal or individual capacity, and that, if such is the legal effect of such transactions, then this defendant and plaintiff were led to act in such a way and do such things as would produce that effect through a mutual mistake of fact and law, and that it was the real agreement and intention of these parties that this defendant was to be bound, if bound at all, by the transactions only in his fiduciary and representative capacity; that prior to the execution of the note sued upon the defendant Whitlock was indebted to the plaintiff in some amount and desired to borrow and secure an additional amount of money from plaintiff, but he could not satisfy said indebtedness or secure such additional money from plaintiff without furnishing some character of security therefor; that said Whitlock was a tenant upon land belonging to the estate of which this defendant was executor, and had said land rented for the year of 1911, and that by reason thereof, and the terms of the rental contract, the landlord's lien existed against the crops that might be cultivated and raised upon said land during said year in favor of the estate of which this defendant was and is executor to secure the payment of advances that might be made by him of money or supplies for working said land, which facts were know to plaintiff prior to and at the time of the transactions in question; that for the purpose of giving plaintiff a first lien upon such crops, etc., to secure such existing indebtedness due by said Whitlock, and such proposed additional indebtedness, and for the purpose of subjecting said landlord's lien to the mortgage lien in favor of plaintiff said note was executed by said Whitlock to this defendant "as executor," if at all, and said mortgage was likewise so executed, if at all, and the same was transferred by this defendant "as executor" for such purpose and for no other purpose, all of which was known to and consented to and acquiesced in by plaintiff at the time, and it was expressly or impliedly agreed by and between plaintiff and this defendant that this defendant was not to be liable or bound for the payment of said note in his personal or individual capacity, or any capacity at all, and that the plaintiff would look alone to its mortgage security against said crops and other property mentioned in said mortgage and to said Whitlock for the payment of said indebtedness; that defendant received no part of the consideration of said note, and received no consideration at all by reason of such transactions, and the execution and transfer of said note, etc., and that plaintiff parted with no consideration at all by reason of the acts and conduct of this defendant in the premises, but that this defendant's connection with such transaction was simply that of an accommodation party, and that only in his fiduciary capacity, all of which was known to, recognized by, and acquiesced in by plaintiff, and this defendant says that he did not intend to become personally liable by reason of such transactions, and that he would not have had anything to do with the transaction but for the understanding aforesaid, implied or expressed, and the fact that plaintiff by its words and conduct in the premises led this defendant to believe that the understanding and intention of the parties, and the effect of their acts, was as aforesaid; wherefore this defendant says that he is not liable upon said note, and, in the alternative, he says that, if he is technically liable, he has been discharged from such liability, and plaintiff is estopped and precluded from recovering against him, as prayed, by reason of the facts stated above, and there was and is a failure of consideration so far as this defendant is concerned by reason of the facts stated above. Abney also prayed for judgment over against Whitlock. The cause was tried before a jury, and the following verdict was rendered therein: "We, the jury, find for the plaintiff as prayed against the defendants in the sum of three hundred twenty-three and $11/100$ dollars ($323.11) with 10 per cent. interest from maturity and 10 per cent. additional of the principal and interest as attorney's fees. We further find for the defendant J. D. Abney against the defendant W. O. Whitlock for the said sum of $323.11, with 10 per cent. interest from maturity and 10 per cent. additional on principal and interest as attorney's fees. Together with the foreclosure of said mortgage." Defendant, Abney, duly filed and presented his motion for a new trial, which was by the court overruled, and he appealed.

[1] We deem it unnecessary to copy and discuss categorically or in detail appellant's assignments of error. We have carefully examined all of them, and believe none point out reversible error. If the charge of the court complained of in the first assignment of error was defective, and not satisfactory to appellant, because it submitted only one of the issues involved in the case, still it was correct as far as it went, and the error, if any, was one of omission, and should have been cured by a charge prepared and requested by appellant covering the issues

claimed to have been omitted, which does not appear to have been done.

[2, 3] However, the issues claimed to have been raised by the pleadings and evidence and ignored by the court's charge, so far as they appear by the propositions propounded under the assignments of error, and none other can be considered, are whether or not the indorsement of the note sued on by Abney was made simply for the purpose of transferring the title to and right of action on said note to the plaintiff without himself incurring any personal liability thereby, and whether or not Abney's said indorsement was made for the purpose of waiving his landlord's lien on the defendant Whitlock's crops in favor of said note and mortgage given to secure the same, without rendering the said Abney liable either individually or in his fiduciary capacity; and, as to the first of these questions, it may be said that it was not raised by the pleadings, and, as to the second, it was not raised or was eliminated by the evidence. The only witnesses who testified in relation to the waiver of the landlord's lien were appellant, Abney, and the defendant Whitlock. Both of these witnesses testified to the effect that Abney declined to waive his landlord's lien, but agreed to and did indorse the note as shown, and delivered the same, together with the mortgage, to the appellee. He testified: "He (Bowman) wrote up some kind of an instrument which he said was a waiver of the lien. I declined to sign it." In this state of the pleadings and evidence neither of the questions under consideration should have been submitted to the jury. The question whether or not Abney indorsed the note in the manner alleged by the plaintiff was submitted in the charge complained of by appellant.

[4-6] Again, whether or not Abney, in indorsing the note, intended to be bound only in his fiduciary capacity, was not, in our opinion, an issue raised by the evidence. The mere adding of the word "executor" after his signature was not, we believe, sufficient to raise such an issue. And the evidence does not disclose what estate, if any, Abney was representing. He alleged that he was executor of the estate of Mrs. N. T. Abney, but he does not say that he made that fact known to appellee's agent, Bowman, at the time he indorsed and delivered to him the note. He testified that he was executor of both his father's and mother's estates; but which one he was acting for, if either, in indorsing the note, he did not state. He testified that he did not tell Bowman, the appellee's agent, at the time he indorsed the note that he did not intend to be bound by the indorsement, or that he intended to be bound as executor only. He did state: "I do not know exactly which estate I acted for in indorsing this note. That would, I suppose, be a legal question." The defendant Whitlock testified, in effect, that, at the time of Abney's indorsement of the

note and its delivery to appellee, Abney said nothing about not being bound on his indorsement, or that he was bound only as executor. Whitlock further testified that Abney said he preferred not to waive the landlord's lien, but that he would take the note payable to himself and mortgage on his, Whitlock's, crop and stock, and would indorse the note to the bank (appellee), "if Mr. Bowman would let me have the money on that; that Mr. Bowman said that would suit him better or something to that effect." At all events, however, we think that appellee, upon the introduction of the note in question, made out a prima facie case against Abney, and that, regardless of the pleadings and the evidence shown by the record before us, was entitled to the judgment rendered. The note sued on being payable to appellant, "J. D. Abney, executor," and, being so indorsed, Abney was liable on the same personally. The word, "executor," appearing after his name in the note and in the indorsement, must be treated as mere descriptio personæ, and rejected as surplusage. The law on the subject is expressed by Mr. Daniel, in his excellent work on Negotiable Instruments, § 262, as follows: "An administrator or executor cannot bind the decedent's estate by any negotiable instrument. He can only bind himself. If he make, accept, or indorse a negotiable instrument, he will bind himself personally, even if he adds to his own name the designation of his office as personal representative. Thus if he signs himself A. B., executor of (or administrator of C. D.), the representative terms will be rejected as surplusage." We think that inasmuch as there was no issue of fraud involved in the transaction, and as Abney was not misled by any one, parol evidence was inadmissible to qualify his indorsement, and show that, notwithstanding the personal liability created by reason of his indorsement, he, in fact, was not so liable. Nor was parol evidence admissible to show, even if such a defense was pleaded, that Abney indorsed the note simply to transfer the title and right of action thereon to the Citizens' National Bank, without incurring any personal liability for the payment of the note. No such purpose is evidenced by the indorsement itself, and the rule in this state is that, "in the absence of restrictive language, an indorsement involves but one contract, and does not consist of one contract of transfer and another of assumption of contingent liability." Behrens v. Kirkgard, 143 S. W. 698. If a note is executed by the personal representative of an estate for the debt of his testator, he will be personally bound to pay it, even in the hands of the original holder, unless his personal liability is excluded by language restricting his promise to pay out of the assets of the estate, "for assets in his hands constitute a sufficient consideration for a promise by him to pay the testator's debt, and, the promise being in writing,

no proof of consideration is necessary." This is true, even if the note is nonnegotiable. 1 Daniel on Negotiable Instruments, § 263; Gregory, Adm'r, v. Leigh, 33 Tex. 813; McKinney v. Peters, Dall. Dig. 545; Morrison v. Hodges, 25 Tex. Supp. 176.

[7] There is another principle applicable, it occurs to us. It is well settled that if an agent sign a note with his own name as such, and discloses no principal, he is personally bound. In treating of this subject Mr. Daniel, § 305, says: "The party so signing must have intended to bind somebody upon the instrument, and, no promisor but himself therein appearing, it must be construed as his note, or as a nullity. And, though he term himself 'agent,' such suffix to his name will be regarded as a mere descriptio personæ or as an earmark of the transaction and may be regarded as surplusage." This principle, Mr. Daniel says, applies, although it could be proved that the payee knew of the agency when the note was made, and it was understood that the principal, and not the agent, should be bound, for such evidence would vary the terms of the written note. Warren v. Harrold, 92 Tex. 417, 49 S. W. 364; Williams v. Robbins, 16 Gray (Mass.) 77, 77 Am. Dec. 396; Story on Promissory Notes, § 63; 7 Cyc. pp. 546, 563; 8 Cyc. p. 269. Mr. Story cited above says, in effect, that trustees, guardians, executors, and administrators are generally held personally liable on promissory notes, because in their representative capacity they have no authority to bind the estate for which they act, and hence the law, to give validity to their acts, must hold them personally. Many other authorities might be cited and quoted in support of the doctrine announced, but we deem it unnecessary to pursue the subject further. The authorities cited by appellant are distinguishable in the facts from the case at bar, and are therefore not applicable.

Neither the argument of counsel nor the alleged misconduct of the jury complained of, even if properly presented, would warrant us in reversing the case. If it be admitted that the argument was improper, it did not so far exceed the bounds of legitimate discussion as to require a reversal of the case, and the question presented as to the misconduct of the jury was made an issue in the trial court and determined against appellant, and we see no good reason to disturb the action taken in respect thereto. Indeed, we are of opinion that the evidence was insufficient to show any such misconduct on the part of the jury as justified the setting aside of their verdict.

Upon the whole case we think no other proper verdict and judgment could have been rendered in this case than were rendered. Said judgment will therefore be affirmed.

Affirmed.

## On Motion for Rehearing.

In his motion for a rehearing the appellant contends, in effect, that this court erred in affirming the judgment of the court below, for the reason that said judgment is erroneous, (1) in that it "does not ascertain the amount of money he is entitled to recover against the defendant Whitlock with any degree of certainty, and said amount cannot be ascertained except through extrinsic proof hereafter to be made, that the pleadings and evidence are such as to entitle him to a judgment for a definite and ascertained amount; (2) because the judgment of the county court does not conform to the verdict of the jury, all of which is apparent from the face of the record." This is the first time these questions have been raised in this case. No mention seems to have been made of the matters in the county court, and our attention was not heretofore called to them by an assignment of error or otherwise.

[8] The verdict of the jury was, as shown in the original opinion, in favor of the plaintiff and against both of the defendants, Whitlock and Abney, for the "sum of three hundred twenty-three and $11/100$ dollars ($323.11$), with 10 per cent. interest from maturity and 10 per cent. additional of the principal and interest as attorney's fees," and in favor of defendant Abney against his codefendant, Whitlock, for a like specified amount. Upon this verdict judgment was rendered in the county court for said amount, principal, interest, and attorney's fees in favor of the plaintiff bank against both of said defendants and in favor of defendant Abney against the defendant Whitlock as follows: "It is further ordered, adjudged, and decreed by the court that the defendant J. D. Abney do have and recover from said defendant W. O. Whitlock any sum of money that the said J. D. Abney may be compelled to pay on this judgment in favor of the plaintiff, together with costs of suit for all of which execution may issue." The rule that a judgment in favor of a party which entirely omits the sum adjudged in his favor, and makes "no reference to the verdict by which it could be rendered certain and thereby complete within itself," or which does not conform to the verdict of the jury is erroneous, cannot be invoked in this case as is sought to be done. Appellant was not entitled to a judgment against Whitlock for the full sum rendered in favor of the appellee against the said Whitlock and himself. The remedy provided for a surety by title 109 of the Revised Statutes of 1911 "extends to indorsers, guarantors and every other suretyship." Article 6337. Appellant, as indorser of the note in suit, was secondarily liable thereon, and in contemplation of the statute above referred to, and, as in effect, determined by the judgment of the court below, his liability was in the nature of a sure-

ty. The relation therefore of principal and surety existed between appellant and his co-defendant W. O. Whitlock, and it is well settled by the decisions of this state that an absolute or unconditional judgment cannot legally be rendered against the principal in favor of the surety at the same time judgment is rendered against the principal and surety for the sum adjudged against the principal and surety. Labbe v. Corbett, 69 Tex. 503, 6 S. W. 808; Dignowity v. Staacke et al., 25 S. W. 824. Appellant is entitled to recover of Whitlock only such sum as he shall be compelled to pay on the judgment herein rendered in favor of appellee, and article 6333 of said title 109 provides: "When any person, being surety in any undertaking whatever, shall be compelled to pay any judgment, or any part thereof, or shall make any payment which is applied upon such judgment by reason of such suretyship, the said judgment shall not be discharged by such payment, but shall remain in force for the use of such surety, and shall be considered as assigned to such surety, together with all the rights of the creditor thereunder, to the extent of the payment thereon made by such surety, and interest thereon; and such surety shall be entitled to have execution thereon in the name of the creditor for the use of such surety against the principal debtor for the full amount of such payment and interest thereon and all costs, which execution shall be issued upon the application of such surety to the clerk, or court, as the case may be, and shall be levied, collected and returned as in other cases."

[9] But we are of opinion that the judgment appealed from is erroneous, as is apparent upon the record, for the reason that it does not protect appellant, Abney, the indorser on the note sued on, by directing that execution be first levied upon Whitlock's property, as required by article 6332 of said title 109 of the statute. The issue of suretyship being established in favor of appellant, Abney, the court should have rendered judgment in favor of the plaintiff below, appellee here, against the defendants Whitlock and Abney, and, by the judgment of the court entered, directed the sheriff to levy execution first upon the property of the principal, W. O. Whitlock, subject to execution, and situated in Hill county, before a levy could be made upon the property of Abney, the surety, if so much property of said principal could be found as would in the opinion of the sheriff be sufficient to make the amount of the execution; otherwise, the levy to be made on so much property of the principal as might be found, if any, and upon so much of the property of the surety, Abney, as might be necessary to make the amount of the execution in accordance with article 6332, referred to above. Dignowity v. Staacke, supra; Montrose v. Fannin County Bank, 23 S. W. 709.

[10] This error in the judgment, however, does not require a remanding of the case for a new trial. Such judgment as should have been rendered in the court below will, as is authorized by statute, be rendered in this court. The suretyship of appellant Abney being established, his rights as surety, in the event of a verdict and judgment in favor of the appellee, were fixed by law, and the verdict of the jury awarding him a recovery against Whitlock for the full amount awarded the appellee bank against Whitlock and appellant was wrong, the only issue in such case being one of law, and it was not necessary for the judgment to conform, as in ordinary cases, to the verdict. Under such circumstances, the judgment is sufficient, if it conforms to the law. Smith v. Smith, 23 Tex. Civ. App. 304, 55 S. W. 541. The judgment of the court below is therefore reversed, and here reformed so that the plaintiff in the county court (appellee here) shall recover judgment against W. O. Whitlock as principal on the note sued on, and against J. D. Abney, appellant, as indorser and surety on said note for the sum, principal, interest, and attorney's fees as awarded by the verdict of the jury and adjudged against them in the county court, together with a foreclosure of the mortgage lien on the property described in appellee's petition, and all costs of the court below, and that the sheriff of Hill county be directed, in the event the property covered by the lien foreclosed does not sell for enough to pay off and satisfy the judgment in favor of appellee in full, to levy the execution for the balance remaining unpaid, first, upon the property of the said W. O. Whitlock, situated in Hill county, Tex., as above indicated, and as required by said article 6332 of the statute.

[11] It is further ordered, inasmuch as the county court could and would no doubt have rendered judgment directing execution to be levied first upon the property of W. O. Whitlock as is done in this court, had appellant called the county court's attention to the matter by motion or otherwise, that appellant be taxed with the costs of this court. Helm v. Weaver, 69 Tex. 145, 6 S. W. 420; Montrose v. Fannin County Bank, supra.

The other matters urged for a rehearing have been heretofore considered, and we see no good reason to change the views entertained by this court in respect thereto, as expressed in our original opinion, and the appellant's motion for a rehearing based upon those matters is overruled.