**HARRIS v. HARRIS.**   (No. 9567.)

(Court of Civil Appeals of Texas.   Fort Worth. April 2, 1921.)

1. **Appeal and error ⚑1040(13) —Overruling of demurrer to answer containing cross-demand harmless where judgment not rendered on cross-demand.**

In a suit to set aside a judgment of divorce, if the overruling of a demurrer to the answer on the ground that it contained both a general demurrer and general denial and a cross-demand for a divorce, if the former judgment was set aside, was error, it was immaterial where judgment was rendered against plaintiff and no judgment was rendered on the cross-demand.

2. **Divorce ⚑161—New trial not granted in suit to set aside judgment unless meritorious defense presented and proved.**

In a suit in the nature of a bill of review to set aside a divorce judgment on the ground that plaintiff was in jail and did not know when the suit was to be tried, relief will not be

granted unless a meritorious defense is presented and proved.

**3. Divorce ⊚⟶161—Evidence of grounds for divorce admissible in suit for new trial.**

In a suit in the nature of a bill of review to set aside a judgment of divorce, testimony showing grounds for a divorce was admissible as a reply to plaintiff's pleadings and proof that there was no cause of action for divorce, independent of the cross-demand for divorce if the judgment was set aside.

**4. Divorce ⊚⟶161—New trial not granted because defendant in jail was not present.**

A new trial of a divorce suit will not be granted merely on account of the absence of defendant who was in jail, and who, if he had been present, could have testified to facts material to his case, where there is no evidence that he was denied the right to appear, but only evidence that he told the jailer to let him know when the suit came up and that the jailer did not do so.

**5. Appeal and error ⊚⟶982(2)—Denial of new trial in independent suit not disturbed when discretion not abused.**

An independent suit for a new trial of a divorce suit is an appeal to the conscience of the court, and, where he hears the evidence and it does not appear that he abused his judicial discretion in refusing a new trial, the appellate court will not disturb the judgment.

Appeal from District Court, Parker County; F. O. McKinsey, Judge.

Action by L. O. Harris against Susie Harris. Judgment for defendant, and plaintiff appeals. Affirmed.

S. D. Goswick, of Mineral Wells, for appellant.

Carter & Queen, of Weatherford, for appellee.

BUCK, J. On August 31, 1916, Mrs. Susie Harris filed suit in the district court of Parker county for a divorce from her husband, L. O. Harris, and citation was served on appellant on September 13th, thereafter, while he was incarcerated in the county jail, charged with assault to murder. He was convicted of aggravated assault on October 17, 1916, and on the same day the divorce suit was tried, and the plaintiff was granted a divorce from the defendant. Subsequently, L. O. Harris was tried and convicted of insanity and was taken to the asylum and confined there until October 12, 1917, when he returned to Parker county. On August 22, 1919, he filed this suit, in the nature of a bill of review, to set aside the judgment granting his wife a divorce on October 17, 1916. He alleged that at the time of service of citation in the divorce suit he was confined in the county jail and requested the jailer, who served the citation, to inform him when his suit was to be tried, but that the jailer refused to so inform him, and that he did not

know when said cause was tried until his release from the asylum on October 12, 1917. He further pleaded that his wife had no just grounds to sustain her suit for divorce, and that said suit was the result of a conspiracy between J. G. Hardin, the father of Mrs. Harris, and others, wherefore he prayed that the judgment in the divorce case be set aside.

On the trial of this suit, Mrs. Harris filed an answer, consisting of a general demurrer and a general denial, and certain special answers, and pleaded that in case the court should set aside the judgment theretofore granted, by the terms of which she was granted a divorce and custody of the two minor children, that in this suit she be granted a divorce. The judgment rendered was a denial of plaintiff's plea for a new trial.

[1] The first assignment alleges error by the trial court in overruling plaintiff's general demurrer to the defendant's amended answer. The ground upon which plaintiff relies to have the general demurrer sustained is that defendant's answer contained a petition for divorce, as well as a denial of the grounds relied on by plaintiff to set aside the former judgment. This error, if any, becomes immaterial inasmuch as the answer did contain a general demurrer and a general denial to plaintiff's petition, and the trial court did not grant a judgment on that part of defendant's answer in which she prayed, in case the court should set aside the former judgment, that judgment be rendered granting her a divorce. The appellant admits that he has been unable to find any authority in support of his contention that a single plea cannot be both an answer in bar and a cross-demand. In Short v. Hepburn, 89 Tex. 622, 35 S. W. 1056, cited by appellant, a quotation by Chief Justice Willie, in De La Vega v. League, 64 Tex. 205, is given as follows:

"A plaintiff calling a defendant into court for the purpose of obtaining relief against him invites him to set up all the defenses which may defeat the cause of action sued on, or any other appropriate and germane to the subject-matter of the suit, which should be settled between the parties before a proper adjudication of the merits of the case can be obtained. He grants him the privilege of setting up all such counterclaims and cross-actions as he holds against the plaintiff which may legally be pleaded in such suit. This is particularly the case in our state, where a multiplicity of suits is abhorred, and a leading object is to settle all disputes between the parties pertinent to the cause of action in the same suit."

[2, 3] Various assignments are directed to the admission of the testimony of certain witnesses who testified as to the grounds of Mrs. Harris for a divorce. This character of suit is in the nature of a bill of review,

and equity will not grant relief against a judgment unless there is a meritorious defense presented and proven. Without reference to the cross-plea of Mrs. Harris in this suit, by which she pleaded that a divorce be granted her in case the court should set aside the former judgment, we think the testimony complained of was admissible as a reply to the pleadings and proof of plaintiff that his wife had no cause of action for divorce at the time the former judgment was rendered.

[4, 5] Plaintiff's sixth assignment is directed to the alleged error of the court in rendering judgment against him, inasmuch as he was in the county jail at the time of the hearing in the former suit and did not have his day in court. The evidence shows that during his confinement in jail, plaintiff's brother visited him and also an attorney; that another attorney represented plaintiff in his trial for assault with intent to murder; and that plaintiff talked to him about his divorce case. There is no evidence to the effect that plaintiff was denied the right to appear in court at the hearing of the divorce suit, but merely that he told the jailer to let him know when the suit came up, which he says the jailer did not do. A new trial will not be granted merely on account of the absence at the trial of defendant, even though, if he had been present, he could have testified to and established facts material to his case. Mayer v. Duke, 72 Tex. 445, 10 S. W. 565; Helm v. Weaver, 69 Tex. 143, 6 S. W. 420. An independent suit for a new trial, such as this, is an appeal to the conscience of the court, and where he hears the evidence and it does not appear that he had abused his judicial discretion in refusing a new trial, the appellate court will not disturb the judgment below.

All assignments of error are overruled, and the judgment is affirmed.

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes