## J. M. TINSLEY v. W. C. BOYKIN.

1. MECHANICS' LIEN — PROMISSORY NOTE — JUDGMENT. — A judgment was rendered for a sum found to be due on one of two notes, the other not being due at the time of judgment, both of which, it was claimed, were secured by a mechanics' lien on a house and fifty acres of land, to be taken out of a larger tract, "in such shape as may be fair and equitable." The judgment was rendered for the note due, and it ordered sale of the house and forty acres of land, "to be taken out of defendant's tract in as near a square shape as it may be done"—the sale to be for enough cash to discharge the note due, and on a credit for the remainder, until the other note should become due; but "if the premises should not sell for a sufficient sum to pay the entire two notes, then the sheriff shall apportion the said purchase-money ratably between the note due," for which judgment was rendered, and the note not due, and the portion rated to the note due, and for which judgment was rendered, "shall be for cash, and the remainder on a credit." It also provided that for the postponed payment, the sheriff should take a lien on enough of the land sold to secure the deferred payment: *Held*—

1. Upon default of payment of the first of several notes secured by mortgage, suit could be maintained for a foreclosure of the mortgage to satisfy the first note, and for a sale of the entire mortgaged premises, if the land is not properly susceptible of division.

2. The decree in such a case should be so rendered as to make equitable provision for the payment of all of the notes embraced in the mortgage lien.

3. The decree should be so shaped, if the matter is not at once concluded by a rebatement of the interest on the notes not due, that the court should have control of the case and the title of the land until the notes secured by the mortgage lien are all satisfied. A judgment ordering a sale by the sheriff, and requiring him to take a lien on the land sold to secure a deferred payment, is error. If that practice were permitted, another suit to collect the purchaser's note would be necessary in case of default.

4. The description of the land in the decree was defective, for want of certainty. The boundaries of the tract of which the sheriff was to place the purchaser in possession, should not be left to the sheriff, nor to adjustment between the purchaser and the owner of the remainder of the tract.

5. The evidence to establish a mechanics' lien (see Statement of the Case) was not presented in a way to conform to either of the modes of fixing a lien prescribed in the statute. (Paschal's Dig., arts. 7112, 7115.) The note sued on, executed after the work was finished, was not a contract for the building of a house. If regarded as a claim under a verbal contract, it was not sufficient to fix a lien, because it was not shown that a copy of it had been served on the defendant, as required by statute.

6. The provisions of the statute must be complied with substantially in every respect, in order to fix a mechanics' lien on the homestead.

APPEAL from Brazoria. Tried below before the Hon. A. P. McCormick.

Boykin brought suit, on the 25th of May, 1873, against Tinsley, on three notes: one for $145, upon which he asked a judgment *in personam;* one for $291.23, dated August 1, 1872, due one day after date; and one for $497.42, dated August 1, 1872, and due February 1, 1874. The two last notes, he alleged, were secured by a mechanics' lien on the homestead of Tinsley, embracing fifty acres of land. He prayed for a judgment foreclosing his mechanics' lien on the dwelling-house and the fifty acres, and for a sale of the same, to satisfy the note for $291.23. He claimed that his lien was "fixed" and established by a certain instrument in writing, which was attached as an exhibit, marked "A," to the petition. The exhibit is as follows:

, *" Exhibit A."*

"1872. May 1. J. M. Tinsley, To W. C. Boykin, Dr.

" For labor and materials furnished in the erection of the dwelling-house in which said J. M. Tinsley now resides, which debt is liquidated and acknowledged by said Tinsley in the two notes hereto attached, dated the 1st day of August, 1872,

38

which said notes were given by said Tinsley for said debt, and are, one for the sum of $497.12, the other for the sum of $291.23—$788.35."

Attached to this instrument was the following affidavit:

"Wm. C. Boykin, of the county of Brazoria, and State of Texas, being duly sworn, says that he is a mechanic, and that the said debt of the sum of seven hundred and eighty-eight dollars and thirty-five cents, as set forth in the above statement, and in the two notes therein mentioned and thereto attached, is justly due him, as a mechanic, for labor done and material furnished for the erection of a dwelling-house, in which said J. M. Tinsley now resides. Said labor was done and said material furnished under a verbal contract, between said Tinsley and the undersigned, during the latter part of the year 1871, and the first part of the year 1872; and the said debt for the same was due and payable on the 1st day of May, 1872. Said J. M. Tinsley, afterwards, to wit, on the 1st day of August, 1872, acknowledged and promised to pay said debt, and to that end executed his said two promissory notes for the same, which are hereto attached and made part of this statement. Said house is situate on the west bank of the Brazoria river, in said Brazoria county, and State of Texas, about six miles above the town of Columbia, on a part of the land originally constituting J. S. Tinsley's plantation tract; and to secure the payment of said two notes for the aggregate sum of seven hundred and eighty-eight dollars and thirty-five cents, as well as the interest on the same, I, the said Wm. C. Boykin, hereby claim a mechanics' lien upon the said house, and upon fifty acres of the tract of land on which the same is situated, including the site of said house, and said fifty acres to be taken out of said tract in such a shape as will be fair and equitable.

(Signed,)          "WM. C. BOYKIN."

This instrument was sworn to by Boykin, and filed for record, with the district clerk of Brazoria county, on the 12th of August, 1872.

The petition prayed for a sale of the land in accordance with the provisions contained in the exhibit.

On the trial, the following verdict was returned:

\* "We, the jury, find for the plaintiff the following amounts:

| | | | |
|---|---|---|---|
| One note, dated December 28, 1871, | - | - | $165 96 |
| One, secured by mechanics' lien, | - | - | 333 45 |
| One, not due, secured by lien - | - | - | 569 19 |

His
" THOMAS  ✕  WILLIAMS."
mark.

On this verdict, a judgment was rendered for $165.96, with interest from date of judgment, and for $333.45, and to satisfy the judgment for the $333.45, foreclosing "the mechanics' lien," and ordering the dwelling-house and forty acres of land upon which it is situated to be sold by the sheriff as under execution, the forty acres to be taken out of defendant's tract in as near a square shape as the same may be done. The sale was, by the judgment, required to be for enough cash to satisfy the note due, and on a credit for the remainder until the 1st of February, 1874, when the last note became due. And it further provided, "and if the premises shall not sell for a sufficient sum to pay the entire two notes secured by said lien, then the sheriff shall apportion the said purchase-money ratably between the note now due, and for which judgment is here rendered, and the note not due, and the portion rated to the note due, and on which judgment is rendered, shall be for cash, and the remainder on a credit, with notes to be given the sheriff, with a lien on the land."

---

\* This verdict, it will be seen, was rendered in Brazoria county, in which the colored element largely preponderates. It is not strange that the edict of emancipation, and the national legislation growing out of it, should have resulted, in that county, in impaneling a jury, in which the foreman, after swearing to decide the case according to the law and evidence, was not able to read the law as it was contained in the judge's instructions, or to write his name to the verdict. Such a verdict can no longer jeopardize the security of life and property; the statute now makes an inability to read and write a cause of challenge.

There is nothing in the record to explain why the judgment attempted to enforce payment by sale of forty acres, when the instrument relied on claimed fifty, (as copied in the record.)

The instructions were silent on the subject of mechanics' lien.

*Thomas G. Masterson*, for appellant.

*George W. Duff*, for apppellee.

ROBERTS, CHIEF JUSTICE.—The judgment rendered is not authorized by the verdict. It is well settled, that when a mortgage is given to secure two or more notes, payable at different times, it may be foreclosed when there is a default in the payment of the note first due; and, in doing so, it is proper that the land mortgaged should, in accordance with the provision of our statute, be sold. The existence of the notes not then due should be averred, and their validity as a lien on the land established, in the suit for foreclosure, as was done in this case in the plaintiff's petition, in the proof on the trial, and in the verdict of the jury. Upon such verdict, a judgment and decree should be so rendered as to enable the court to keep the control of the case until the notes entitled to a lien should be provided for and satisfied, in a manner least prejudicial to all of the parties concerned. Where there could not be a division of the property, so as to sell it in separate parcels as the notes became due, then the entire interest in the mortgaged premises might be decreed to be sold, with a rebate of the interest on the notes not then due, or a decree might be made, disposing of the entire interest, partly for cash, to satisfy the note that was then due, and partly on a credit, to be paid as the other notes became due, the court holding the case open in the meantime until all of the notes were paid by the purchaser, and reserving from him a full title to the land until that was done, and

until any surplus that might be left upon his bid was paid to the mortgagor.

Without prescribing in advance what decree should be rendered in any case, it may be safely laid down, that, 1st, upon the default of the payment of the first note, a suit may be maintained for the foreclosure of the mortgage, by the sale of the entire mortgaged premises, if the land is not properly susceptible of division; 2d, the decree should be so rendered as to make equitable provision for the payment of all of the notes embraced in the mortgage lien; and 3d, the decree should be so shaped, if the matter was not at once concluded by a rebatement of the interest on the notes not due, as that the court should have control of the case and the title of the land until the notes secured by the mortgage lien should be satisfied. (Salmon v. Clagett, 3 Bland's Ch. R., (Md.,) 125; Campbell v. Macomb, 4 Johns. Ch. R., 534; Brinckerhoff v. Thallhimer, 2 Johns. Ch. R., 486; Pepper v. Dunlap, 16 La. R., 163; Mussina v. Bartlett, 8 Port., (Ala.,) R., 277.)

The decree in this case required the land to be sold, partly for cash and partly on a credit, and that the purchaser should give notes to the sheriff, for the benefit of the person entitled to the one not due, with a lien upon the land, to secure the same when due, and to the defendant, the mortgagor, for any surplus of the bid. By this decree, if the purchaser should fail to pay the notes, another suit or suits would have to be brought by the parties entitled to the money, and their rights would be complicated with further litigation.

Another objection to the judgment is, that it is uncertain as to the land adjudged to be sold, described therein as follows: "The dwelling-house in which the said defendant, J. M. Tinsley, now resides, together with forty acres of the land on which the same is situated, said forty acres to be taken out of said defendant's said tract of land, in as near a square shape as the same may be done."

The petition should have stated such facts, in relation to

the house on the tract, and the locality and shape of the tract, as would have enabled the court to have determined, upon such issues pertaining thereto as might have been made by the parties, the locality of the land decreed to be sold in connection with the house. This is especially important in this sort of a case, on account of the statute, applicable to a mechanic's lien upon a homestead, which requires the sheriff, ten days after selling it, to put the purchaser in possession of it. (Paschal's Dig., art. 7115.) The discretion of fixing the boundaries of the tract, of which the sheriff puts the purchaser in possession, should not be left to the sheriff, being a ministerial officer; and much less should it be left to the owner of the balance of the tract, and the purchaser, to settle the boundary lines, who would be almost certain not to settle it until another suit had been brought, and carried through the courts for that purpose. (Walker *v.* Hallett, 1 Ala., 391.)

The appellant contends that his offset should have been allowed. Upon what ground, does not well appear in the record; for he does not show any title to the claim that he sets up, even if it was not released, as contended for by the appellee. The jury did not notice it in their verdict, and we cannot say that they erred in that.

The plaintiff's right to a mechanic's lien upon the homestead, is the most important question in the case. It does not seem to have been contested in the court below. The evidence tending to establish it, was permitted to go before the jury without objection. As, however, it goes to the foundation of the action, so far as the lien is concerned, it is deemed proper to call attention to the fact, that the evidence of it is not presented in a way to conform to either of the modes of fixing a lien, as prescribed by our statute. (Paschal's Dig., arts. 7112, 7115.)

The statute prescribes, that a contract for building a house, furnishing materials, &c., when in writing, shall be recorded, and when made verbally, an account shall be made out, specifying the items thereof, according to the agreement, under

oath, a copy thereof served on the party "owing the debt," and, in both cases, recorded within six months from the time that the debt becomes due, accompanied by a "description of the lands, lots, houses, and improvements against which the lien is claimed."

In this case, after the work was done, and materials furnished in building the house, under a verbal agreement, two notes were executed for the amount due therefor, in which the consideration is expressed to be for the materials furnished and the work done in building the house, the locality of which is defined by a very general designation. The question may well be asked, Is this a contract for the building of a house, and the furnishing the materials therefor, or is it an account, with a specification of the items, under a verbal contract? It is at most an acknowledgment, in writing, that there had been a house built and materials furnished, for which the plaintiff was entitled to receive the amount of the two notes given by the defendant. If it is regarded as a claim under a verbal contract, it was not shown that a copy of it was served upon the defendant, as required by the statute. In this connection, it may be remarked, that this is a statutory mode of fixing a lien upon a homestead, which may cause it to be sold, contrary to the ordinary rule, without the consent of the wife, given by an acknowledgment in due form, and therefore the provisions made to effectuate that object should be complied with substantially in every respect.

This view is taken here as the intimation of an opinion, rather than an authoritative decision, because the question seems not to have been raised in the District Court, and is not actually necessary to be determined now in this case, as it is now presented in the record.

REVERSED AND REMANDED.