C. C. WARREN v. M. HARROLD ET AL.

No. 726. Decided February 6, 1899.

**1.  Mortgage—Installments of Interest—Power of Sale—Foreclosure.**

The mortgagee may, before the maturity of the note, foreclose by proceedings in court for installments of either principal or interest past due, though the power conferred by the trust deed does not authorize a sale by the trustee until the entire debt has matured.  (P. 419.)

**2.  Promissory Note—Trustee—Personal Liability.**

An assignee for creditors joined with the assignor in executing a promissory note "as joint principals" to a nonaccepting creditor, adding "assignee" to his signature. Having no power to bind the trust estate for such note, he was held personally bound. (Pp. 419, 420.)

**3.  Foreclosure—Debt Not Due—Cases Followed or Criticised.**

The rule in Tinsley v. Boykin, 46 Texas, 592, as to decree to be rendered in foreclosure for part of the secured indebtedness before maturity of entire debt, followed; it was error in such case to award judgment, execution, and foreclosure for the entire principal with interest to date of judgment.  (Dictum to contrary in Gillmour v. Ford, 19 Southwestern Reporter, 442, corrected.  (Pp. 420, 421.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Clay County.

Warren sued Harrold and East upon a note and to foreclose a mortgage, and recovered judgment, which on their appeal was reversed and the case dismissed.  Warren then obtained writ of error.

*J. A. Templeton,* for plaintiff in error.—The interest which had already accrued was as much a part of the debt as was the principal; and upon default being made in the payment of such interest when due, appellee had the right, by remitting the unearned interest, to sue upon and to recover judgment for his principal debt and for all accrued interest thereon, and to have a foreclosure of his lien on the property whereby said debt was secured and to have said property sold to satisfy said judgment.  Vieno v. Gibson, 20 S. W. Rep., 717; same case, 21 S. W. Rep., 1028; Tinsley v. Boykin, 46 Texas, 596; Gillmour v. Ford, 19 S. W. Rep., 442.

When the maker of a negotiable note, who therein assumes to bind himself in a fiduciary capacity as a principal, fails to so bind himself, because of his want of authority so to do, he will be held to have bound himself individually.  Gregory v. Leigh, 33 Texas, 814; Davis v. French, 20 Me., 21; 1 Dan. on Neg. Inst., secs. 262, 271; Tied. on Com. Paper, secs. 145, 146; Yerger v. Foote, 48 Miss., 62; Fitzhugh v. Fitzhugh, 11 Grat., 300; Mason v. Caldwell, 5 Gill., 196; McEldery v. McKenzie, 2 Porter, 33; Snead v. Coleman, 7 Grat., 300; Livingston v. Gaussen, 21 La. Ann., 286.

Appellant Harold did not in the note and trust deed sued on, assume to act as agent for E. H. East, but he assumed to act for himself and to

bind himself as a joint principal on said note and he should not be permitted to show by parol testimony a verbal agreement at variance with the written contract to the effect that it was not his intention to bind himself otherwise than as assignee of E. H. East or to become individually liable for said indebtedness.   Marx v. Assn., 43 S. W. Rep., 596; Heffron v. Pollard, 73 Texas, 96.

*F. E. Dycus*, for defendant in error.—The trial court erred in rendering judgment for the debt sued upon, because it was not due at the time judgment was rendered.   Cox v. Reinhardt, 41 Texas, 593; Campbell v. Lane, 25 Texas Supp., 96; Sydnor v. Totman, 6 Texas, 190; Seligson v. Hobby, 51 Texas, 147.

The trial court erred in rendering judgment foreclosing the lien on the property described in plaintiffs' petition, because the debt which it was given to secure was not due and is not yet due.

Where the evidence shows that in the execution of a contract it was the agreement of all parties thereto that an agent who signed the contract did so for the sole purpose of charging certain property belonging to his principal, and that he was not thereby to become personally liable, the law will be governed by such agreement and hold the agent exempt from liability.   Elwell v. Tatum, 24 S. W. Rep., 71; Traynham v. Jackson, 15 Texas, 170; Bacon Ben. Soc., sec. 128; Dan. Neg. Inst., secs. 303, 307, 478; Mech. on Agency, sec. 337.

There are exceptions to the rule that "where an agent does not bind his principal he binds himself," and one of these exceptions is, in case credit is given neither to the agent or principal, but to the property to be charged.   Metcalf v. Williams, 14 Otto, 93; Story on Agency, sec. 288; Mech. on Agency, 443, 444; Elwell v. Tatum, 24 S. W. Rep., 71.

GAINES, Chief Justice.—The defendants in error executed to plaintiff in error their joint and several promissory note for $1500, due thirty-six months after date, and bearing interest at the rate of 10 per cent per annum, payable semi-annually.   To secure this debt they executed a deed in trust upon certain real estate, in which they empowered the trustee "in case of a failure or default of the payment of said promissory note, together with interest thereon accrued according to its terms and face at the maturity of the same," to sell the property for the payment of the debt.   Two installments of interest on the note fell due and were not paid.   The plaintiff in error, before the maturity of the note, brought this suit to recover the past due interest and to foreclose a lien upon the mortgaged premises for the payment.   Other persons were made parties defendant upon the ground that they were asserting some claim to the property upon which the mortgage was sought to be foreclosed.   Upon the trial, the plaintiff recovered a judgment against the makers of the note with a decree ordering the mortgaged property to be sold and the proceeds of the sale to be applied to the principal and the accrued interest of the note.   The makers of the note appealed to the Court of Civil Ap-

peals, where it was held that the plaintiff had no right to sue for a foreclosure until the note had wholly matured, and that since the amount of the accrued interest was not of itself sufficient to give the district court jurisdiction, the cause should be dismissed.

It is well settled law that where there is a debt the principal of which is payable in installments and which is secured by a mortgage and default has been made in one installment, the others not being due, the mortgagee may proceed to foreclose for the part that is due, although there may be no stipulation in the contract for maturing the whole debt upon default in the payment of any part. We think also that the weight of authority supports the holding that this rule applies as well to installments of interest as to installments of the principal debt itself. In Morgenstern v. Klees, 30 Illinois, 422, the court say: "By the operation of this note, at the expiration of each year after its date, $200 became due by the accumulation of interest. An action at law then accrued for its recovery. This money is embraced in and secured by the mortgage equally with the principal, and no reason is perceived why the mortgage may not be foreclosed to enforce its payment. It is eminently just, as it only effectuates the obvious intention of the parties, and is prohibited by no principle of law or equity. The mortgage must have been given to secure the interest as well as the principal, and the law will not withhold a remedy until the period elapses for the maturity of the whole debt." See also Brinkerhoff v. Thallhimer, 2 Johns., Ch. 486; Burrowes v. Molloy, 2 Jones & L., 521; Edwards v. Martin, 25 Law J. N. S. Ch., 284. In this case it may be that the deed in trust did not authorize the trustee to sell until both the principal and interest of the note had matured. If so, it does not follow that the mortgagee did not have the right to proceed for a foreclosure by a suit in court. The fact that the mortgagor may have been unwilling to authorize a foreclosure by the summary proceeding of a sale by a trustee until the entire debt had matured is not inconsistent with the construction that it was not intended to place any restrictions upon the ordinary remedies by suit. No such restrictions are expressed, and we see nothing in the mortgage in question which indicates that any should be implied. The case of Boyer v. Chandler, 160 Illinois, 394, seems to be in point. Our conclusion is that the plaintiff was entitled to proceed for the enforcement of his lien for the interest accrued when the action was brought, and that therefore the Court of Civil Appeals erred in dismissing the suit.

This makes it necessary for us to pass upon the other assignments of the appellants in the Court of Civil Appeals—now the defendants in error in this court. It appears that defendant East had made a statutory assignment for the benefit of his creditors and that defendant Harrold was the assignee. The note sued upon reads as follows:

"HENRIETTA, TEXAS, December 16, 1895.

"Thirty-six (36) months after date, we or either of us, as joint principals, promise to pay to the order of C. C. Warren $1500.00, fifteen hun-

dred and no/100 dollars, at the office of the Farmers National Bank of Henrietta, Texas, with interest at the rate of ten per cent per annum from date until paid. Interest payable semi-annually and ten per cent attorneys' fees if collected by law, or if placed with attorneys for collection. Value received.

(Signed)                              "E. H. East.
                                      "M. Harrold, Assignee."

In the body of the mortgage (which is executed by both East and Harrold) and in the signature, Harrold is described as "assignee of E. H. East." The trial court held Harrold was liable in his individual capacity upon the note, and in effect that parol evidence was not admissible to show that he intended to bind himself in his capacity as assignee only. These rulings were complained of by assignments in the Court of Civil Appeals, but we think the assignments show no error. The note was given for a debt of East existing at the time of the assignment, but it appears that the plaintiff had never accepted under the assignment. It is clear that the assignee could not have bound the trust estate by the note. It does not purport to bind the estate; it is not even signed as assignee. On the contrary, the makers bound themselves "as joint principals" for the payment of the debt. The rule as to negotiable instruments is that when a trustee signs even as trustee, without having the power to bind the trust estate, he is presumed to have intended to bind himself personally and he will be held so bound. Forster v. Fuller, 6 Mass., 58; Conner v. Clark, 12 Cal., 168; McKinney v. Peters, Dall., 545; Gregory v. Leigh, 33 Texas, 813; Gibson v. Irby, 17 Texas, 173; King v. Thom, 1 T. R., 487.

The trial court, instead of giving a judgment for the portion of the debt which was due and decreeing a sale of a part or of the whole of the mortgaged premises for its payment, gave judgment for the principal of the debt and interest to the time of the trial, together with 10 per cent as attorneys' fees upon the accrued interest, and, in addition to decreeing a sale of the mortgaged premises, awarded execution generally. This we think was error. In Tinsley v. Boykin, 46 Texas, 592, Chief Justice Roberts says:

"It is well settled that when a mortgage is given to secure two or more notes, payable at different times, it may be foreclosed when there is a default in the payment of the note first due; and in doing so it is proper that the land mortgaged should, in accordance with the provision of our statute, be sold. The existence of the notes not then due should be averred, and their validity as a lien on the land established, in the suit for foreclosure, as was done in this case in the plaintiff's petition, in the proof on the trial, and in the verdict of the jury. Upon such verdict, a judgment and decree should be so rendered as to enable the court to keep the control of the case until the notes entitled to a lien should be provided for and satisfied, in a manner least prejudicial to all of the

parties concerned. Where there could not be a division of the property so as to sell it in separate parcels as the notes became due, then the entire interest in the mortgaged premises might be decreed to be sold, with a rebate of the interest on the notes not then due, or a decree might be made, disposing of the entire interest, partly for cash, to satisfy the note that was then due, and partly on a credit, to be paid as the other notes became due, the court holding the case open in the meantime until all of the notes were paid by the purchaser, and reserving from him a full title to the land until that was done, and until any surplus that might be left upon his bid was paid to the mortgagor.

"Without prescribing in advance what decree should be rendered in any case, it may be safely laid down that, first, upon the default of the payment of the first note, a suit may be maintained for the foreclosure of the mortgage, by the sale of the entire mortgaged premises, if the land is not properly susceptible of division; second, the decree should be so rendered as to make equitable provision for the payment of all the notes embraced in the mortgage lien; and third, the decree should be so shaped, if the matter was not at once concluded by a rebatement of the interest on the notes not due, as that the court should have control of the case and the title of the land until the notes secured by the mortgage lien should be satisfied."

These remarks contain, as we think, an accurate statement of the rule in such cases as applied in courts of equity. The utmost limit to which the court can go as to so much of the debt secured by the lien as is not due is to ascertain its equitable amount as of the date of the trial, and in case a sale of the whole property is ordered, to decree that if any surplus remain from the proceeds of the sale after the payment of costs and the matured debt, it shall be applied to that which is not due. It is clear that a court can not properly render judgment for a debt not due and award an ordinary execution for its enforcement. The trial court was probably led into this error by a dictum which is found in Gillmour v. Ford, 19 Southwestern Reporter, 442.

The error just pointed out requires a reversal of the judgment, and, since the whole debt is now due, we deem it best and most equitable to remand the cause for a new trial, to the end that the plaintiff may amend his pleadings and foreclose for the whole.

*Reversed and remanded.*