SHAW, Banking Commissioner, v. McFARLAND.

No. 3853.

Court of Civil Appeals of Texas. Texarkana.

May 2, 1930.

Rehearing Denied May 8, 1930.

John W. Goodwin, of Austin, for appellant.

Clark, Harrell & Clark, of Greenville, for appellee.

LEVY, J.

The suit was by the appellee to have her deposit of $1,330.85 in the insolvent Ladonia State Bank classified and made payable as an unsecured and uninterest-bearing claim by the state banking commissioner. She recovered a judgment, and the banking commissioner has appealed therefrom.

The trial court made findings of fact which disclose the controversy in the case, namely: "Findings of Fact and Conclusions of Law.

"Findings of Fact.

"I find that C. S. McFarland died in Fannin County, Texas, on or about the 5th day of September, 1925, and left surviving him his wife, Susie L. McFarland, one daughter Ethel McFarland, plaintiff in this case, and one son, W. S. McFarland, and none others, and that all of said survivors were more than twenty-one years of age at the time of the death of C. S. McFarland.

"I find that said C. S. McFarland left no will and there was no administration upon his estate.

"I further find that it was agreed between the principal creditors of the estate of said C. S. McFarland, one of which was the said First State Bank of Ladonia, that W. S. McFarland should continue to manage the estate of his father, C. S. McFarland, as he had done prior to the death of said C. S. McFarland, and that no administration would be sued out on the estate of C. S. McFarland.

"I find that C. S. McFarland at the time of his death was indebted to the First State Bank of Ladonia in the sum of approximately $3000.00, which was represented by a promissory note signed by C. S. McFarland and secured by a deed of trust on certain real estate situated in Fannin County, Texas.

"I further find that after the death of the said C. S. McFarland the First State Bank of Ladonia, being desirous of renewing the obligation of C. S. McFarland, called in W. S. McFarland and requested that he, the plaintiff and Mrs. Susie L. McFarland renew the debt of C. S. McFarland, and the said W. S. McFarland told the vice-president of said bank that they could not renew the note without becoming personally liable to said bank.

"I find that the duly authorized agent and Vice-President of the First State Bank of Ladonia informed the said W. S. McFarland that the First State Bank did not want the signers of the renewal note to be personally bound, but only wanted a new note in order that the debt might continue to be an obligation of the estate of C. S. McFarland, and

that he informed W. S. McFarland that. he would write his attorneys and ascertain how the note could be signed in order that the estate of C. S. McFarland would continue to be bound for the debt but the signers would not be personally bound, and that about ten days later said Vice-President of the First State Bank met W. S. McFarland and stated that his lawyers had advised him that if he and the plaintiff signed the note and added after their names the following words: 'sole heirs of C. S. McFarland, deceased', and Mrs. Susie L. McFarland signed and added after her name the following words: 'surviving widow of C. S. McFarland,' that neither of them would be bound personally but that the estate of C. S. McFarland alone would be bound.

"I find that acting under this advice and under an agreement with the First State Bank that the signers would not be personally liable, plaintiff and W. S. McFarland signed a note for approximately the same amount as the note which had been signed by C. S. McFarland during his lifetime and added after their signatures the words 'sole heirs of C. S. McFarland, deceased,' and that Susie L. McFarland signed the note and after her name added the following words: 'surviving widow of C. S. McFarland.'

"I further find that at the time the note mentioned above was signed by the parties it was agreed by and between them and the First State Bank of Ladonia that the signers were not to be personally liable but that said note would continue to be only an obligation of the estate of C. S. McFarland.

"I further find that this note was not accepted by the First State Bank of Ladonia in lieu of the debt owing to it by C. S. McFarland, but that the bank accepted the note above merely to continue the obligation against the estate of C. S. McFarland, and that the note of C. S. McFarland was not surrendered to the plaintiff nor to W. S. McFarland nor to Susie L. McFarland, and that none of these parties received any money or thing of value whatever by reason of the execution of this note.

"I find that later the First State Bank of Ladonia was closed and reorganized under the name of Ladonia State Bank, and that the Ladonia State Bank acquired the assets of the First State Bank of Ladonia under a sale by the Banking Department as authorized by law with the approval of the District Court of Fannin County, Texas.

"I further find that the note which is attempted to be offset in this suit by the defendant was executed under the same circumstances and with the same agreement between W. S. McFarland, Ethel McFarland and Susie L. McFarland and the Ladonia State Bank as the first note signed by W. S. McFarland, Ethel McFarland and Susie L. McFarland to the First State Bank of Ladonia, and that after the name of plaintiff and W. S. McFarland the following words were added: 'Sole heirs of C. S. McFarland, deceased,' and after the name of Susie L. McFarland the following words were added: 'Surviving widow of C. S. McFarland.'

"I find that the Ladonia State Bank was closed and taken over by James Shaw, Banking Commissioner, the defendant in this case, for the purpose of liquidation on or about the 19th day of December, 1928, and has since that time been in defendant's hands for the purpose of liquidation. ·

"I find that at the time the Ladonia State Bank was closed plaintiff was, and is now, a feme sole, and had on deposit in said bank the sum of $1330.39 which was her separate, individual estate. That the estate of C. S. McFarland had on deposit in the Ladonia State Bank the sum of $720.12, W. S. McFarland had on deposit in the Ladonia State Bank the sum of $253.94, and Susie L. McFarland had on deposit in the Ladonia State Bank the sum of $1439.63, and that the defendant set off the deposit in the Ladonia State Bank to the credit of C. S. McFarland in the amount of $720.12 against the note signed by Susie L. McFarland, Ethel McFarland and W. S. McFarland and described above, and that the defendant further set off against said note the sum of $121.61 on deposit in favor of W. S. McFarland, and that he set off the sum of $1178.84 on deposit in favor of Ethel McFarland in the Ladonia State Bank and the sum of $1178.85 on deposit in the Ladonia State Bank in the name of Mrs. C. S. McFarland.

"I find that plaintiff made her claim for the amount on deposit to her credit in the Ladonia State Bank and proper proof to the defendant in due time, and that on or about the 23rd day of May, 1929, the defendant refused to allow said claim except in the sum of $151.85.

"I further find that plaintiff filed this suit against the defendant within six months from the time of the rejection of said claim as provided for in article 459, Revised Statutes of 1925.

"Conclusions of Law.

"I conclude that the note signed by Susie L. McFarland, W. S. McFarland and Ethel McFarland, is a charge only against the estate of C. S. McFarland, deceased, and not the personal or individual debt of the plaintiff, and that the plaintiff is entitled to judgment for the amount of her claim against the Ladonia State Bank filed with the defendant in the amount of $1330.39, and that defendant is not entitled to set off this deposit against the said indebtedness owing by the estate of C. S. McFarland, deceased."

The note pleaded in offset reads:

"Ladonia State Bank.

"Ladonia, Texas, January 1, 1928.

"December 31, 1928, after date, without grace, I, we or either of us, for value received promise to pay to the order of the Ladonia State Bank, Ladonia, Texas, Thirty-three Hundred Thirty and 92/100 Dollars, with interest thereon at the rate of 8 per cent. per annum from maturity until paid. Ten per cent. upon the principal and interest thereon due shall be added as attorney's fees if placed in the hands of an attorney for collection or collected by suit. All signers and endorsers of this note waive demand, protest and nonpayment, and we consent that the time of payment of this note may be extended without notice hereof.

"Payable at Ladonia State Bank, Ladonia, Texas, or at Greenville, Texas.

"[Signed] Susie L. McFarland
"Surviving widow of C. S. McFarland
"W. S. McFarland
"Ethel McFarland
"Sole heirs of C. S. McFarland, deceased."

The first note referred to as executed by the parties was secured by a deed of trust upon real estate. There is no affirmative evidence that the note above set out, which was in renewal of the first note of the parties, was secured by a deed of trust.

The point on appeal is that of whether or not, in the circumstances, the appellee Ethel McFarland can legally claim that she was merely acting for another and was not to be personally bound on the note she signed. She relies on the words added to the signature of "sole heirs of C. S. McFarland, deceased," as authorizing extrinsic evidence showing the agreement "that the signers were not to be personally liable, but that the said note would continue to be only an obligation of the estate of C. S. McFarland." Section 20 of the Negotiable Instruments Act (Rev. St. 1925, art. 5932) reads:

"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character without disclosing his principal, does not exempt him from personal liability."

It is believed that the appellee may not invoke the above section to relieve her of any personal liability on the note, although she may have believed that she was not assuming any personal liability because the words which she added to her signature do not disclose nor tend to show the signing of the note by her in behalf of another as "principal, or in a representative capacity." The words "sole heirs of C. S. McFarland, deceased," may not, as a matter of pure law, be regarded as indicating an undertaking on her part to act in any way in the official administration of the community estate, for such words go to conclusively show that she was signing the note purely upon personal responsibility as surviving beneficiary without administration. Hence the words must be given the force and effect of being descriptive of the person only. It is the general rule that a person will be held bound in his individual capacity, although he intended to bind himself in a representative capacity only, if he signs a note, even as a trustee, without having the authority to bind the trust estate. Warren v. Harrold, 92 Tex. 420, 49 S. W. 364.

It may not be said, we think, that the note in controversy is without consideration.

We do not desire to be understood as holding that extrinsic evidence was not admissible to show the capacity and true relations of the parties, as of surety, had that question been in controversy.

The present judgment is modified so as to allow the appellee's claim in the sum of $151.85, and, as so modified, the judgment will be in all things affirmed.