## FIRST STATE BANK OF ROBY v. HIL-BUN.

### No. 1125.

Court of Civil Appeals of Texas. Eastland.

May 26, 1933.

Rehearing Denied June 23, 1933.

Ferrell & Yates, of Roby, for plaintiff in error.

L. B. Allen, of Roby, for defendant in error.

HICKMAN, Chief Justice.

The plaintiff in error will be called plaintiff, and the defendant in error defendant. The suit was instituted by plaintiff against defendant on a promissory note signed as follows: "J. C. Hilbun, Liquidating Agt., First National Bank, Roby, Texas, by J. C. Hilbun." At the time the note was executed, the defendant was cashier of the plaintiff bank, and was also liquidating agent for the First National Bank. The latter bank had gone into voluntary liquidation and had elected the defendant to wind up its affairs. It was not insolvent and was not taken over by the Federal Banking Department. While defendant was acting in his capacity as liquidating agent, the federal government filed a claim against the First National Bank for a little more than $1,600 due as income tax for some prior year. He had in his hands $1,200 in cash belonging to the First National Bank, and the note in suit was executed for the purpose of procuring the balance with which to meet the payment. He testified: "At the time of the execution of this note Mr. Barron, Mr. Hadderton and Mr. Parker were bank officers of the First State Bank and I was its cashier. I discussed the matter with them and with the other directors. They knew for what purpose this money was borrowed. * * * The officers and directors of plaintiff told me to make the note to finish paying this debt. Most of these officers and directors were stockholders in the old First National Bank. At the time I signed the note the First State Bank and its officers knew I was not creating any personal liability to pay said note. They knew the money was to pay a pre-existing debt which was owed by the old First National Bank." No other witness testified upon the trial.

Plaintiff's suit was filed against the defendant personally; its petition alleging the execution of the note and denying that defendant was authorized by the First National Bank or its stockholders to execute the same as its agent. The jury, acting under a peremptory instruction, returned a verdict in defendant's favor. Judgment was rendered in conformity with the verdict thus returned, and plaintiff has brought the case here by writ of error for review.

The theory upon which plaintiff brought the suit and upon which it relies here for a reversal of the judgment of the trial court is that the defendant had no authority, express or implied, to bind the First National Bank by the execution of the note sued on as its liquidating agent, and he was therefore personally liable thereon.

It has been many times announced that an agent acting without, or in excess of authority, incurs a personal liability, but probably more cases can be found following exceptions to the general rule than can be found which apply the rule. For at least two reasons it cannot be applied in the instant case, even if it be conceded that the agent was acting without authority. In the first place, liability incurred by an agent thus exceeding his authority arises either upon his express or implied warranty of authority or from deceit practiced by him. A suit to enforce such liability should not be brought upon the contract itself, but should be for breach of warranty or deceit. Plaintiff's suit was based upon the contract itself, which did not purport to be the contract of the defendant, and clearly it was not entitled to a judgment

thereon. Heard v. Clegg (Tex. Civ. App.) 144 S. W. 1145; White v. Roughton (Tex. Civ. App.) 201 S. W. 679; Wimple v. Patterson (Tex. Civ. App.) 117 S. W. 1034; 2 Tex. Jur. "Agency," § 169, p. 580; 2 C. J. 806, 807.

■■ Another all-sufficient reason why the rule relied upon by plaintiff is not applicable to the facts of this case is afforded by this well-established exception to that general rule: "The rule that an agent acting without or in excess of authority is personally liable is subject to the qualification that the person dealing with him must have acted on the faith of the representation, express or implied, that the agent had the authority assumed and without knowledge of any want of authority on the agent's part. If therefore the agent fully discloses to the third person the facts concerning his authority, so that the latter may have the same opportunity of judging of the sufficiency thereof as the agent himself, or if the third person himself has actual or presumptive knowledge of those facts, the agent cannot be held personally liable, even though the principal is not bound." 2 C. J. pp. 809, 810.

This rule is well supported by the decisions from many jurisdictions. An exhaustive case note will be found in 34 L. R. A. (N. S.) 518. It is the rule in Texas. 2 Tex. Jur. pp. 579, 580, and authorities there cited. Other Texas cases which we regard as being in point on the question are Elwell v. Tatum, 6 Tex. Civ. App. 397, 24 S. W. 71, 25 S. W. 434, Johnson v. Armstrong, 83 Tex. 325, 18 S. W. 594, 29 Am. St. Rep. 648, and Shelton v. Montoya Oil & Gas Co. (Tex. Com. App.) 292 S. W. 165.

■ It is suggested that a change in the rule has been wrought by section 20 of the Negotiable Instruments Act (R. S. art. 5932). That section reads as follows: "Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

This section, in our opinion, was not designed to effect a change in the common-law rules governing the liability of agents who act in excess of their authority. A purpose so to do should not be implied merely because of the use of the phrase "if he was duly authorized." On this question we quote from the Supreme Court of Appeals of West Virginia in the case of Haupt v. Vint, 68 W. Va. 657, 70 S. E. 702, 703, 34 L. R. A. (N. S.) 518, as follows: "Express terms of liability are not found in section 20 of that act. The suggestion stands only upon the phrase, 'if he was duly authorized.' Hence, if the act imposes such liability, it does so by implication only.

The section, read in the light of the general purpose of the statute, namely, uniformity of negotiable instrument law, and the conflict in decisions of the several jurisdictions, imports intent to accomplish other results. In other words, it deals primarily with a subject other than that of liability of a person professing to act as agent when he has no authority. It deals with the question of liability of an agent having authority, but who has subscribed the name of his principal in a defective manner. To abolish the application of the theory of use of words as constituting only descriptio personæ, when an agent, having authority, signs his own name, adding 'agent for A. B.' and the like, seems to be the real purpose of that section. Section 23 of the statute seems to deal with the question of personal liability on the part of a person signing as agent of another in such manner as to make such other person liable as principal, if the person professing to act for him had authority, but had not. It says: 'Where a signature is forged or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument or to give a discharge therefor or to enforce payment thereof against any party thereto can be acquired through or under such signature, unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority.' As we have seen, the authorities had been conflicting as to whether the agent could be held liable on the instrument; the weight of authority being in the negative. Was it not the plain purpose of the Legislature to adopt the prevailing rule subject to a limitation imposed by express or implied ratification, a subsequent guaranty, or the like? The two sections must be read together, considered in the light of the general legislative purpose, and harmonized. The implication suggested is not a necessary one. To adopt it would be the addition of something the Legislature has not expressed simply because it may be supposed to be in the line of public policy indicated by the statute. We must remember, however, that it is the province of the Legislature not only to originate or adopt lines of policy, but also to prescribe means for their enforcement, and, when it has prescribed certain measures for that purpose, there is a presumption that no others were intended. To add others is, in my opinion, nothing short of judicial legislation."

For the reasons above assigned, we believe the trial court properly instructed a verdict in favor of the defendant, and its judgment will accordingly be affirmed.

### On Rehearing.

In its motion for rehearing plaintiff in error cites the cases of Warren v. Harrold, 92 Tex. 417, 49 S. W. 364, and State National Bank v. Hester (Tex. Civ. App.) 1 S.W.(2d)

915, as authorities for the contention that it properly predicated its action upon the note itself rather than upon an action of damages for deceit or upon appellee's express or implied warranty of authority.

There is language in the two cases cited which would seem to justify the contention, although it seems to us that the facts of the cases did not present for determination this exact question. Had our decision rested alone upon this holding, we might experience some difficulty in determining the status of the law in this state upon the question, but, since we think that our holding is justified on the other ground upon which it is based, it becomes unnecessary to consider the effect of the holdings of the cases relied upon.

We have carefully considered the motion, and same is overruled.