## BRANHAM v. COOPER AUTO SERVICE et al.
### No. 2734.

Court of Civil Appeals of Texas. Beaumont.
April 20, 1935.

Rehearing Denied May 1, 1935.

Heidrick & Tucker, of Beaumont, for appellant.

Jas. A. Harrison, of Beaumont, for appellees.

COMBS, Justice.

Alfred H. Branham, in his capacity as receiver for the Murray Rubber Company, filed this suit against Cooper Auto Service, alleged to be a copartnership composed of George Cooper and F. M. Hebert, and against Cooper and Hebert individually, upon certain trade acceptances for purchases of automobile tires and tubes aggregating $8,607.79. In addition to pleading a partnership liability against F. M. Hebert, plaintiff pleaded that said F. M. Hebert had personally guaranteed the purchases to be made by the defendant Cooper Auto Service by an instrument in writing set forth in the pleadings, and, in the alternative, pleaded that he had personally indorsed three of the trade acceptances aggregating $4,184.85. Further pleading in the alternative, plaintiff alleged that said F. M. Hebert had submitted to plaintiff a fraudulent statement of his assets and liabilities as the basis for a line of credit and that plaintiff had been damaged to the value of said merchandise in the amount sued for.

No answer was filed by George Cooper and the Cooper Auto Service. The defendant Hebert, after pleading several exceptions and demurrers, made general denial and specifically denied under oath that he was or ever had been a partner of George Cooper or in the Cooper Auto Service, as alleged by plaintiff, and specifically denied under oath that he guaranteed the payment of the trade acceptances or ever indorsed any of them. He also pleaded at length the contract between the Cooper Auto Service and the plaintiff for carrying on or operating a Murray Tire Store and alleged that the merchandise was shipped under and by virtue of said contract and that said contract was void as in contravention of the statutes prohibiting trusts and monopolies.

The trial was to the court without a jury and resulted in judgment that plaintiff take nothing against either of the defendants. The court filed findings of fact and conclusions of law wherein he found that the contract pleaded by the defendant Hebert, as having been entered into between the plaintiff and the Cooper Auto Service, was illegal and void. He further found that F. M. Hebert was not

a member of a partnership, as alleged; that Hebert did not guarantee the payment of the trade acceptances; and that he did not indorse the acceptances, or any of them.

■ Appellant's contention that the alleged contract between plaintiff and the Cooper Auto Service was improperly incorporated in the statement of facts must be sustained. It was not incorporated in the statement of the evidence prepared by the court reporter, but, on motion of the defendant, was incorporated by the trial court with the statement "that although said contract was not formally introduced in evidence, the same was read and considered by the court in reaching judgment heretofore rendered and it is ordered that said original contract be inserted in the said transcript of the evidence and statement of facts along with the other original documents therein as part of the record in this case."

The court, as a trier of the facts, was no more authorized to consider evidence not offered and formally introduced in evidence than a jury would have been. It may be that the plaintiff could have and would have interposed valid objections to the admission of the contract in evidence had it been offered. Plaintiff had not sued for the debt under the contract but upon the trade acceptances. The contract had been pleaded by the defendant Hebert as defensive matter. He having failed to offer or introduce it in evidence, the trial court was unauthorized to consider it for any purpose. Renn v. Samos, 33 Tex. 760; Pavey v. McFarland (Tex. Civ. App.) 234 S. W. 591, 594; Bell Oil & Refining Co. v. Price (Tex. Civ. App.) 251 S. W. 559.

■ It is apparent that the trial court was in error in failing to give the plaintiff judgment against the Cooper Auto Service and George Cooper. Plaintiff's debt, evidenced by the trade acceptances, was properly proved up as against said defendants. However, this holding does not dispose of the judgment in favor of the defendant F. M. Hebert. Under the findings of the trial court, and upon a careful review of the statement of facts, we have concluded that they are supported, Hebert was not liable to the plaintiff upon the trade acceptances sued upon. The trade acceptances were all executed by Cooper Auto Service, and since, upon ample evidence, the court found that Hebert was not a partner in that business, he had no primary liability as a partner.

■ Appellant's contention that Hebert was liable on a written guaranty is based upon the following letter executed by Hebert:

"April 18th, 1931

"Felix M. Hebert, 4000 Port Arthur Road
    Beaumont, Texas.

"This is to certify that I will be responsible for the purchases made by Cooper Auto Service Railroad Ave. Beaumont Texas. Only to the extent of endorsing Trade Acceptances covering the purchase of Murray Tires & Tubes. Backed by my ownership of property & live stock listed herewith as per statement attached.

"F. M. Hebert."

The trial court's conclusion that said instrument was not a guarantee of payment by Hebert but only an agreement to indorse trade acceptances is obviously correct. The evidence shows that some of the trade acceptances were presented to Hebert for his indorsement and that he refused to indorse them. We are not called upon to pass upon the question of whether Hebert would have been liable to the plaintiff for breach of the agreement to indorse because the plaintiff has not asserted such a cause of action but has sued upon the trade acceptances and seeks to hold Hebert liable as a guarantor by virtue of the letter above quoted.

■ Appellant contends that Hebert was indorser upon three of the trade acceptances aggregating $4,184.85. Each of the three trade acceptances is signed, "Cooper Auto Service by F. M. Hebert." Hebert's signature does not appear on any trade acceptance otherwise. It is, therefore, too apparent to admit of argument that he did not sign the acceptances as an indorser or in any individual capacity. The Negotiable Instrument Act, art. 5932, § 20 (Vernon's Ann. Civ. St.), provides: "Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized," etc.

And while Hebert's authority to execute the trade acceptances as agent of Cooper Auto Service is not specifically shown, still he purported to act in that capacity and it is not shown that he did not have authority to do so. Nor did plaintiff plead any cause of action against him for fraud or deceit in the execution of the acceptances, nor has Cooper Auto Service denied their due execution. So the trial court was correct in concluding that plaintiff had shown no liability against Hebert by reason of his executing the three trade acceptances on behalf of Cooper Auto Service. First State Bank of Roby v. Hilbun (Tex. Civ. App.) 61 S.W.(2d) 521, and cases cited.

What we have said disposes of appellant's further contention that Hebert is liable to plaintiff because of misrepresentations in his financial statement. For although the evidence would warrant a finding that Hebert's net worth was somewhat less than what he indicated in his financial statement, plaintiff could not have been damaged thereby if plaintiff did not deliver the goods upon Hebert's guarantee or indorsement. The evidence fully warrants the inference that plaintiff understood that Hebert would not be liable in the absence of indorsing the trade acceptances. Certain correspondence between the Cooper Auto Service and the plaintiff introduced in evidence shows that plaintiff wrote the defendant Cooper Auto Service calling attention to the fact that the trade acceptances had not been indorsed by Hebert and stating that the original agreement was that he would do so. And since Hebert never became liable to plaintiff as indorser or guarantor and was not liable as a partner, it cannot be material that his net worth is less than his statement furnished. Plaintiff could not have been misled thereby to his injury.

It is apparent from what we have said that the judgment in favor of the defendant Hebert does not rest upon the invalidity of the contract improperly considered by the trial court, but has ample support in the fact findings which show that he was not liable to plaintiff on the trade acceptances either as partner in Cooper Auto Service or as guarantor or indorser. We, therefore, conclude the judgment of the trial court should be affirmed in so far as it denied recovery against defendant F. M. Hebert, but that the judgment should be reversed and rendered in favor of appellant as against Cooper Auto Service and George Cooper, and it is so ordered.