## SEYDLER et al. v. KEUPER et al.

### No. 8820.

Court of Civil Appeals of Texas. Austin.

Oct. 27, 1939.

Rehearing Denied Nov. 22, 1939.

J. W. Ragsdale, of Victoria, for plaintiff in error.

Schwartz & Schwartz, of Hallettsville, Fred Blundell, of Lockhart, and H. R. Clark, of Schulenburg, for defendants in error.

BAUGH, Justice.

This is the second appeal of this case. Our opinion on the former appeal is reported in Tex.Civ.App., 92 S.W.2d 278. The only issue here involved is whether on the former appeal we reversed and remanded the case to the trial court with instructions to that court to render judgment; or reversed and remanded the cause generally for a new trial.

The issue presented on this appeal arose in the following manner: After the mandate of this court was sent to the trial court, the plaintiffs filed an amended petition alleging substantially the same grounds as those alleged in their petition on the former hearing, except that they sought judgment only on the notes past due. The

defendants thereupon filed general and special demurrers, general denial, and a plea of payment by Rudolph H. Seydler, during his lifetime, to Paul Stuercke, during his lifetime, of all of said notes. Such plea of payment was not made in the first trial. The plaintiffs thereupon moved to strike such answer on the ground that the judgment and mandate of this court instructed the trial court to render judgment for plaintiffs against the defendants, and that the reversal was merely for the trial court to determine the amount of the judgment and carry out such instructions. In reply to this motion to strike, by sworn answer thereto, Mrs. Seydler set out the instruments relied upon to show payment of said notes; alleged that she did not know of their existence, nor that the notes had been paid when the case was tried before, because of the death of both her husband and of Stuercke, the payee in said notes; that she afterwards learned for the first time that said notes had been paid.

The plaintiffs' motion to strike the plea of payment was by the trial court sustained and judgment rendered for plaintiffs as prayed for; hence this appeal.

■ The portion of opinion on the former appeal relied upon by the defendants in error herein as constituting instructions to the trial court to render judgment for the plaintiffs below reads as follows [92 S.W.2d 280]: "The plaintiff was entitled to judgment, therefore, only for the principal of such notes as were past due, for all interest past due, for attorney's fees on such accrued indebtedness, and for foreclosure of the vendor's lien to that extent only. This error requires a reversal of the case. As to the proper judgment to be rendered upon another trial, and without prolonging this opinion by setting out a rule of guidance for the trial court, attention is directed to Warren v. Harrold, 92 Tex. 417, 49 S.W. 364, wherein the Supreme Court, speaking through Judge Gaines, disposes of the exact question here raised, and charts the course for the proper guidance of the trial court in the rendition of a proper judgment."

This holding, however, was followed immediately by the following order: "For the reasons stated, the judgment of the trial court is reversed and the cause remanded for another trial."

The statement that "the plaintiff was entitled to judgment, therefore, only for the principal of such notes as were past due," etc., should not be construed as a rendition of, nor instruction to the trial court to render, judgment for the plaintiff for the amount of such notes. It clearly meant that under the record then presented that was the most that plaintiff would have been entitled to recover in any event, under the evidence presented upon that trial.

■ Nor can the statement in our opinion calling attention to the rule laid down in Warren v. Harrold, 92 Tex. 417, 49 S.W. 364, be construed as directing the trial court to render judgment in favor of plaintiff against the defendant. In its former judgment, involved in the former appeal, the trial court rendered judgment for the principal of all of said notes, though five of them were not yet due, rebating only future unearned interest. This was complained of and held by us on the former appeal to be error requiring a reversal of the case. Since it was manifest that some of these five notes would necessarily have matured before another trial, though perhaps not all of them, attention of the trial court was called to the Warren case for guidance in rendering a proper judgment, in the event that, upon another trial, the plaintiffs should show themselves entitled to recover in such new trial of the case. Nowhere did we instruct the trial court to enter any specific judgment in favor of the plaintiffs against the defendants. On the other hand, our order was that "the judgment of the trial court be reversed and the cause remanded for another trial." This was but a reversal and a remand generally.

■ The plaintiffs thereupon filed new pleadings asserting their cause of action. Consequently the defendant was entitled to assert any defenses she may have had against the cause of action alleged. 3 Tex. Jur., § 807, p. 1147; § 921, p. 1313; § 924, p. 1316.

■■ It is well settled that where an appellate court reverses and remands a cause with specific instructions to the trial court as to the character of judgment to be rendered, and the parties against whom it should be rendered, the trial court is limited upon such trial to a compliance with such instructions, and cannot relitigate issues controverted upon the former trial. Wells v. Littlefield, 62 Tex. 28; Harris v. Hamilton, Tex.Civ.App., 234 S.W. 684, 685; and numerous cases therein cited; Wier v. Yates, Tex.Civ.App., 256 S.W. 636. But this rule does not apply where

a case is reversed and remanded generally. In such case the parties may replead, and issues which have not been precluded on the appeal as the law of the case, may be retried as though no former trial had been had.

The trial court misconstrued our former opinion and order of reversal as instructing a verdict for the plaintiffs, and consequently erred in striking the defendants' plea of payment. The judgment of the trial court is therefore set aside, and the cause is reversed and remanded.

Reversed and remanded.